UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ANDREW SIMINAUSKY,<br>            Plaintiff, | :<br>:<br>: |
| v. | : CASE NO. 3:14-cv-00243 (VLB) |
| | : |
| SEAN, et al.,<br>            Defendants. | : January 25, 2017<br>: |

**RULING GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
AS TO ALL DEFENDANTS EXCEPT ALXANDER AND AS TO WHOM DEFAULT IS
ENTERED FOR FAILURE TO APPEAR IN HIS INDIVIDUAL CAPACITY [DKT. 82]**

Plaintiff, Andrew Siminausky, currently incarcerated at the Garner Correctional Institution in Newtown, Connecticut, has filed this action *pro se.* The named Defendants in the amended complaint are Connecticut Managed Health Care Providers ("CMHC") Supervisor Sean, Dr. Cary R. Freston, Dr. Sayeed Naqvi, Americans with Disabilities Act ("ADA") Coordinator Captain McCormick, Deputy Warden Gary Wright, Property Officer Melendez, CMHC, the Department of Correction ("DOC") and Correctional Officer Alxander. Plaintiff initially characterized his amended complaint as asserting Eighth Amendment and Due Process claims based on his transfer from a level 3 facility to a level 4 facility solely because of his disability.  In the section of the amended complaint listing claims for relief, Plaintiff lists three claims:  (1) Defendants Naqvi, Freston and McCormick denied Plaintiff his due process right to refuse medical care; (2) Defendant Melendez denied Plaintiff medically-approved items; and (3) Defendant Alxander used excessive force against him.  Defendants move for summary

judgment and Plaintiff has filed a memorandum in opposition.  For the reasons that follow, Defendants' motion is granted.

## Standard of Review

A motion for summary judgment may be granted only where there are no issues of material fact in dispute and the moving party is therefore entitled to judgment as a matter of law.  Fed. R. Civ. P. Rule 56(a); *In re Dana Corp.*, 574 F.3d 129, 151 (2d Cir. 2009).  The moving party may satisfy his burden "by showing— that is pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case."  *PepsiCo, Inc. v. Coca-Cola Co.*, 315 F.3d 101, 105 (2d Cir. 2002) (per curiam) (internal quotation marks and citations omitted).  Once the moving party meets this burden, the nonmoving party must set forth specific facts showing that there is a genuine issue for trial.  *Wright v. Goord*, 554 F.3d 255, 266 (2d Cir. 2009).  He must present such evidence as would allow a rational jury to find in his favor in order to defeat the motion for summary judgment.  *Graham v. Long Island R.R.*, 230 F.3d 34, 38 (2d Cir. 2000).  The nonmoving party "must offer some hard evidence showing that its version is not wholly fanciful."  *D'Amico v. City of New York*, 132 F.3d 145, 149 (2d Cir. 1998).

## Facts[1]

Plaintiff suffers from Raynaud's Disease.  Dr. Freston evaluated Plaintiff on August 16, 2013, and discussed the management and treatment of his condition.  During that visit, Plaintiff told Dr. Freston that his insulated socks had been stolen, he had been prescribed special cotton gloves, and he was taking Nifedipine which was helping his condition.  Dr. Freston noted no skin disruptions caused by Raynaud's Disease.  There was scant swelling and no signs of other diseases.  Dr. Freston noted that Plaintiff was not wearing his prescribed gloves on the day of the exam.  Plaintiff counters that it was a warm day in August.  Dr. Freston also indicated that Plaintiff was intermittently noncompliant with his medication.

Dr. Freston recommended that Plaintiff be housed in a climate-controlled facility because temperature fluctuation is a trigger for Raynaud's disease.  Dr. Freston examined Plaintiff's gloves and concluded that the gloves could be used as needed to keep Plaintiff's hands warm.  Dr. Freston opined that insulated socks would help.  Although Plaintiff previously had been approved for soft restraints, Dr. Freston noted no need for special restraints or special

---

[1] The facts are taken from the parties' Local Rule 56(a) Statements and the supporting exhibits submitted by both parties.  Local Rule 56(a)2 requires the party opposing summary judgment to submit a Local Rule 56(a)2 Statement, which contains separately numbered paragraphs corresponding to the Local Rule 56(a)1 Statement and indicates whether the opposing party admits or denies the facts set forth by the moving party.  Each admission or denial must include a citation to an affidavit or other admissible evidence.  In addition, the opposing party must submit a list of disputed factual issues.  D. Conn. L. Civ. R. 56(a)2 and 56(a)3.  Although Plaintiff has submitted a Local Rule 56(a)2 Statement, some of his denials do not include the required citations to record evidence.  The Court does not credit denials lacking the required

transportation.  These opinions, intended to help Plaintiff manage his Raynaud's Disease, were based upon Dr. Freston's professional medical judgment.

Although Dr. Freston recommended that the Plaintiff be transferred to a climate-controlled facility, he was powerless to transfer the Plaintiff because inmate transfer decisions are not made by doctors.  To obtain an award of damages, the plaintiff must demonstrate that each Defendant was personally involved in the alleged constitutional deprivation. *Farid v. Ellen*, 593 F.3d 233, 249 (2d Cir. 2010).  Inmate transfer decisions are made exclusively by the Offender Classification and Population Management unit.

Plaintiff alleges that he submitted requests to Supervisor Sean, ADA Coordinator McCormick, and Deputy Warden Wright to prevent his transfer to a climate-controlled facility.  Defendant Sean stated that he would have deferred to Dr. Freston's judgment in making any recommendation for transfer.

## Discussion

The Defendants move for summary judgment on four grounds.  First they argue that Plaintiff has not shown that Defendants Freston, Sean, McCormack and Wright were deliberately indifferent to a serious medical need in violation of the Eighth Amendment.  Second, Plaintiff has not established the personal involvement of Defendants Sean, McCormack and Wright in any alleged deprivation.  Third, all Defendants are protected by qualified immunity.  Fourth, all claims against the Defendants in official capacity and any claims against DOC

---

citations.                                              4

and CMHC are barred by the Eleventh Amendment.

I. <u>Deliberate Indifference to a Serious Medical Need</u>

Defendants first argue that Plaintiff fails to allege facts to support a claim for deliberate indifference to a serious medical need because Raynaud's Disease is not a serious medical need and, even if it were, the Defendants were not deliberately indifferent to that need.

To state a claim for deliberate indifference to a serious medical need, Plaintiff must show both that his medical need was serious and that Defendant acted with a sufficiently culpable state of mind. *See Smith v. Carpenter*, 316 F.3d 178, 183-84 (2d Cir. 2003) (citing *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). There are both objective and subjective components to the deliberate indifference standard. *See id.* Objectively, the alleged deprivation must be "sufficiently serious." *Chance v. Armstrong*, 143 F.3d 698, 702 (1998); *see Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996) (citing with approval dissent from *Nance v. Kelly*, 912 F.2d 605, 607 (2d Cir. 1990), which states a "serious medical need" is "one that may produce death, degeneration, or extreme pain")). Subjectively, the defendant must have been actually aware of a substantial risk that the inmate would suffer serious harm as a result of his actions or inactions. *See Salahuddin v. Goord*, 467 F.3d 263, 281 (2d Cir. 2006). Negligence that would support a claim for medical malpractice does not rise to the level of deliberate indifference and is not cognizable under section 1983. *See id.* at 280. Nor does a difference of opinion regarding what constitutes an appropriate response and treatment

5

constitute deliberate indifference.  See *Ventura v. Sinha*, 379 F. App'x 1, 2 (2d Cir. 2010); *Chance v. Armstrong*, 143 F.3d at 702.

The Second Circuit has identified several factors that are "highly relevant" to determining whether a medical need is serious.  The court should consider whether the condition is one that a reasonable doctor or patient would find important and worthy of treatment, whether the condition significantly affects the prisoner's daily activities, or whether the condition causes chronic and substantial pain.  See *Chance*, 143 F.3d at 702-03.

There are no reported cases in the Second Circuit analyzing whether Raynaud's disease constitutes a serious medical need.  Plaintiff filed another section 1983 case regarding the denial of boots allegedly required to treat his Raynaud's disease.  See *Siminausky v. Plante*, No. 3:08CV1937(MRK), 2010 WL 2574115, at *3 (D. Conn. Mar. 12, 2010).  In that case, the court questioned whether Plaintiff's condition was objectively serious enough to warrant protection under the Eighth Amendment, but granted summary judgment because the only Defendant was not a medical professional and had no knowledge of Plaintiff's condition.  *Id.* at *3-4.  One other court has found that a diagnosis of Raynaud's disease is sufficient to constitute a serious medical need. See *Smith v. Township of Prairieville*, No. 1:15-cv-131, 2016 WL 3661852, at *8 (W.D. Mich. July 11, 2016) (objective prong satisfied where, even though the condition was not so obvious that a lay person would recognize the need for treatment, plaintiff provided verifying medical evidence showing that he had been

6

diagnosed and treated for Raynaud's disease and he presented "verifying medical evidence" showing that he suffered bilateral frostbite of his hands and feet due to the officers' alleged deliberate indifference to his serious medical needs by forcing him to stand outside in the $20^0$ cold).

In this case, Plaintiff is being treated for Raynaud's disease. Thus, he meets the first factor. He presents no evidence suggesting that his daily activities are significantly affected or that the disease causes chronic or substantial pain.[2] Although Plaintiff has submitted pages from the internet describing rare, severe symptoms and possible complications, ECF No. 85 at 19, 22, he provides no medical evidence suggesting that he suffers from these symptoms or complications. While Plaintiff's Raynaud's disease was worthy of nominal treatment, his condition was managed by the treatment and did not significantly affect the Plaintiff's daily activities or cause him chronic and substantial pain. The conclusion that Plaintiff's Raynaud's disease was not acute is based largely on the absence of evidence to the contrary, but is buttressed by Plaintiff's refusal to be transferred to a climate-controlled facility, which was diagnosed to enhance the treatment of his condition. Absent contrary medical evidence and in view of Plaintiff's rejection of further measures to treat

---

[2] Plaintiff alleges in the amended complaint that he experienced severe pain in December 2012 as a result of lack of heat in his housing unit. ECF No. 37, ¶¶ 15-16. Subsequently, he was seen at the University of Connecticut Health Center and directed to use gloves and insulated socks to keep his hands and feet warm. *Id.* ¶ 19. Plaintiff has gloves and socks. He does not allege that, when using these articles, his condition interfered with daily activities. Further, Plaintiff presents no objective evidence to support complaints of pain.

his condition, the Court finds that the Plaintiff has not established that his Raynaud's disease is a serious medical need.

Even if he did, however, summary judgment should be granted on the deliberate indifference claims.  Dr. Freston determined, through exercise of his medical judgment after examination of Plaintiff, that avoidance of temperature fluctuations could best be achieved through transfer to a temperature-controlled facility.  He concluded that Plaintiff's gloves were sufficient to keep his hands warm and suggested insulated socks.  Dr. Freston also opined that special restraints and special transportation were not required.

An exercise of medical judgment that results in a disagreement regarding treatment is not cognizable under the Eighth Amendment.  *Demaio v. Wong*, 100 F.3d 943 (2d Cir. 1996) (unpublished decision) (citing *Estelle v. Gamble*, 429 U.S. 97, 107 (1976)); *see also Hathaway*, 37 F.3d at 70 ("We do not sit as a medical board of review.  Where the dispute concerns not the absence of help, but the choice of a certain course of treatment, or evidences mere disagreement with considered medical judgment, we will not second guess the doctors." (internal quotation marks and citation omitted)); *Keitt v. Schun*, No. 11-CV-438, 2014 WL 347053, at *5 (W.D.N.Y. Jan. 30, 2014) (prison doctor does not act with deliberate indifference even if he disagrees with outside specialist's treatment recommendation so long as his decision is based on his medical judgment (internal quotation marks and citation omitted)).  Dr. Freston has submitted an affidavit stating that he has examined Plaintiff and reviewed his chart.  Dr.

8

Freston's treatment decisions were based on his medical judgment and examinations. Plaintiff has provided no evidence suggesting that Dr. Freston's decision was not based on sound medical judgment. *See Benitez v. Palmer*, 654 F. App'x 502, 505 (2d Cir. 2016) (fact that other doctors subsequently disagreed with prescribed treatment is insufficient to overcome disagreement regarding treatment and create material disputes issue). Thus, any claim against Defendant Freston for deliberate indifference to a serious medical need fails. Defendants' motion for summary judgment is granted as to the claim against Dr. Freston.

Plaintiff also asserts deliberate indifference claims against Defendants Melendez and Naqvi. The Court determined above that Plaintiff failed to present evidence showing that his Raynaud's disease constitutes a serious medical need. As he has not presented evidence supporting the objective component of the deliberate indifference standard, his claims against Defendants Melendez and Naqvi also fail.

## II. Personal Involvement

Defendants argue that summary judgment must be granted as to any deliberate indifference claims against Defendants Nursing Supervisor Sean, ADA Coordinator McCormick and Deputy Warden Wright for lack of personal involvement.

Defendants McCormick and Wright are not medical professionals. Thus, they were entitled to rely on the medical opinion of Dr. Freston that transfer to a climate-controlled facility is medically appropriate. *See Williams v. Bailey*, No.

9:09-CV-0643(DNH/DEP), 2010 WL 3881024, at *8 (N.D.N.Y. Sept. 3, 2010) (reliance on medical clearance form signed by doctor negated finding that custodial staff were deliberately indifferent to serious medical needs); *Joyner v. Greiner*, 195 F. Supp. 2d 500, 506 (S.D.N.Y. 2002) (prison administrator entitled to rely on opinions of medical professionals concerning medical treatment). Defendants' motion for summary judgment also is granted as to the claims against Defendants McCormick and Wright.

In addition, Plaintiff is challenging his transfer to another facility. He argues that the Defendants have violated his right to due process by not permitting him to decline medical treatment, *i.e.,* the order for transfer. To obtain an award of damages, the plaintiff must demonstrate that each defendant was personally involved in the alleged constitutional deprivation. *Farid v. Ellen*, 593 F.3d at 249. The Defendants have provided evidence that transfer decisions are exclusively made by the Office of Offender Classification and Population Management. Plaintiff has provided no evidence showing that Defendants Sean, McCormick and Wright, had authority to prevent Plaintiff's transfer. Thus, no Defendant was involved in the transfer decision and there is no basis for a claim against any Defendant regarding Plaintiff's transfer.

### III.   Due Process

In his amended complaint, Plaintiff alleges that Defendants McCormick violated his right to due process by failing to respond to grievances. However, Plaintiff has no constitutional right to effective institutional grievance procedures.

*See Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988) ("There is no legitimate claim of entitlement to a grievance procedure."); *Cosby v. Erfe*, No. 3:15-cv-161 (DJS), 2016 WL 2930886, at *6 (D. Conn. May 19, 2016) ("The plaintiff, however, has no constitutionally protected right to any particular response to his grievance."); *Hayes v. Cty. Sullivan*, 853 F. Supp. 2d 400, 434 (S.D.N.Y. 2012) (stating plaintiff does not have a cognizable section 1983 claim against Smith for not adequately addressing the grievance). Accordingly, there is no legal basis for Plaintiff's claim for denial of due process and this claim is dismissed.

## IV. Claims Against DOC and CMHC

Plaintiff has named DOC and CMHC as Defendants in the caption of the original complaint. In his memorandum, Plaintiff states that he did not name DOC or CMHC as Defendants. ECF No. 85 at 14. The Court considers any claims against DOC and CMHC to be withdrawn. Even if the claims were not withdrawn, they are not cognizable in this action.

CMHC is a division of the University of Connecticut Health Center, a state agency. DOC is a state agency. Neither a state agency, nor any subdivision thereof, is considered a person within the meaning of section 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70 (1989) (Eleventh Amendment immunity extends to "governmental entities that are considered 'arms of the State'"); *see also Ferla v. Correctional Managed Health Care*, No. 3:15-cv-1303(MPS), 2015 WL 5826812, at *2 (D. Conn. Oct. 2, 2015) (CMHC, a division of a state agency, is not a person subject to suit under section 1983).

V.  <u>Defendant Alxander</u>

Plaintiff alleges in the Amended Complaint that Defendant Alxander used excessive force against him.  ECF No. 37, ¶ 34.  Although the Defendants acknowledge this claim in their memorandum, they do not address it or argue that summary judgment should enter on the excessive force claim.  Accordingly, this claim remains pending.

### Conclusion

Defendants' motion for summary judgment [ECF No. 82] is GRANTED.  The Court considers the claims against DOC and CMHC to be withdrawn.  The due process claim is DISMISSED pursuant to 28 U.S.C. § 1915A(b)(1).

As the motion acknowledges but does not challenged the excessive force claim motion, the case will proceed on the individual capacity claims against Defendant Alxander for use of excessive force.

Defendant Alxander has appeared only in his official capacity.  ECF No. 15.  Defendant Alxander was personally served in his individual capacity.  ECF No. 72.  Accordingly, DEFAULT IS HEREBY ENTERED AGAINST DEFENDANT ALXANDER.  ANY MOTIONS TO SET ASIDE DEFAULT OR FOR ENTRY OF DEFAULT JUDGMENT SHALL BE FILED WITHIN TWENTY-ONE (21) DAYS FROM THE DATE OF THIS ORDER.

SO ORDERED this 25 day of January 2017, at Hartford, Connecticut.

                                             /s/
                                     **Vanessa L. Bryant**
                                     **United States District Judge**